UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH ANTHONY DIGERLAMO,    )    CASE NO. 2:19-cv-01976-BJR
                       )
          *Petitioner*,    )    ORDER ADOPTING REPORT AND
                       )    RECOMMENDATION AND
    v.                )    DISMISSING FEDERAL HABEAS
                       )    CORPUS PETITION WITH PREJUDICE
JEFFEREY A. UTTECHT,       )
                       )
          *Respondent*.   )

## I.    INTRODUCTION

Before the Court is Petitioner Joseph Anthony Digerolamo's [1] ("Petitioner") *pro se* and *in forma pauperis* Petition for Writ of Habeas Corpus. Dkt. No. 5. The Court is in receipt of the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, which advises the Court to deny Petitioner's federal habeas petition, dismiss the present action as untimely pursuant to 28 U.S.C § 2244(d), and deny a certificate of appealability

---

[1] The record and Petitioner's filings consist of two different spellings of his last name. *See* Dkt. No. 15, Ex. 1 ("Digerlamo: a/k/a "Di' Gerolamo") and Ex. 2 at 1, n.1 ("Digerolamo"); Dkt. No. 5 ("DiGerolamo). For consistency, the R&R retains in the caption, as does this Court, the spelling previously utilized in the docket, while otherwise adopting the spelling utilized by Petitioner and/or a state court.

("COA").  Dkt. No. 20.  The Court is also in receipt of Petitioner's objections to the R&R.  Dkt. No. 21.

Having reviewed the habeas petition, the R&R, Petitioner's objection thereto, the relevant legal authority, and the record of the case, the Court will adopt the R&R, dismiss Petitioner's habeas petition with prejudice, and deny a COA.  The reasoning for the Court's decision follows.

## II.     BACKGROUND

Petitioner is currently confined at the Coyote Ridge Corrections Center in Connell, Washington and filed the pending 28 U.S.C. § 2254 federal habeas corpus petition challenging his custody pursuant to a 2012 King County judgment and sentence entered after a unanimous jury found him guilty of rape in the second degree.  Dkt. No. 15, Ex. 1.  The R&R provides the factual and procedural background of the underlying case in more detail, further recitation of which is unnecessary here.  *See* Dkt. No. 20 at 2–5.  Petitioner contends his imprisonment by the State of Washington is unlawful and cites eleven separate grounds for relief, including alleged Fourth, Fifth, Sixth, and Eighth Amendment violations.  Dkt. No. 5 at 6–11.

On May 15, 2020, Magistrate Judge Theiler entered an R&R recommending dismissal of the Petition with prejudice finding  it was untimely as submitted two years after the one-year statute of limitations under 28 U.S.C. § 2244(d) expired.  Dkt. No. 20 at 17.  Specifically, Petitioner filed a total of eight (8) personal restraint petitions[2] ("PRPs") with the Washington State Courts between November 2014 and February 2019, Dkt. No. 15, Exs. 10, 14, 18, 22, 29, 35, 39, 47, the last of

---

[2] A "PRP" is the Washington State equivalent of a federal habeas corpus petition.  *See* WASH. R. APP. P. 16.4.  The Washington Supreme Court and the Court of Appeals have original, concurrent jurisdiction in personal restraint proceedings in which the death penalty has not been decreed.  WASH. R. APP. P. 16.3(c).

which capable of tolling the one-year statute of limitations was finalized on January 20, 2017 when the Washington Court of Appeals filed its Certificate of Finality as to that claim.  Dkt. No. 15, Ex. 34.  Magistrate Judge Theiler found three subsequent PRPs and two ancillary motions did not toll the statute of limitations because the PRPs themselves, *id.* Exs. 35-37, 39, 47, were untimely under state law and the motions, *id*. Exs. 45, 46, did not call for review of the underlying judgement and sentence.  Dkt. No. 20 at 9–10.  Additionally, Magistrate Judge Theiler found equitable tolling was not appropriate on procedural grounds or a showing of actual innocence.  Dkt. No. 20 at 11 & 13.  On May 29, 2020, Petitioner filed objections to the R&R.  Dkt. No. 21.

### III.   LEGAL STANDARD

District courts review a magistrate judge's findings within an R&R *de novo* when a party properly files specific, written objections.  28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b)(3); *United States v. Thoms,* 684 F.3d. 893, 899 (9th Cir. 2012).  The Court may accept, reject, or modify the recommendation of the magistrate judge.  FED. R. CRIM. P. 59(b)(3).  A *pro se* filing is "to be liberally construed and, however unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  With this liberal construction in mind, the Court reviews the portions of the R&R to which Petitioner objects *de novo.*

The Court must decide whether a habeas petition is time-barred under 28 U.S.C. § 2244(d)(1) before reaching the merits of a petitioner's claims.  *Ford v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012).  28 U.S.C. § 2244(d) requires, with a few exceptions not applicable here, a federal habeas petition to be filed within one year of the date on which the judgment became final

3

by the conclusion of direct review.[3]   28 U.S.C. § 2244(d)(1)(A).  The one-year limitation period is tolled, however, during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  *Id.* at § 2254(d)(2); *Wall v. Kholi*, 562 U.S. 545, 545 (2011).  Whether a state collateral proceeding is properly filed is a matter of state law.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  A petition deemed untimely under state law is not properly filed for the purposes of U.S.C. 28 § 2254(d).  *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).

In addition to statutory tolling, the one-year statute of limitations under U.S.C. 28 § 2254(d) is subject to equitable tolling if the petitioner can show "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida,* 530 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).  A showing of actual innocence may also satisfy the requirements for equitable tolling.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  To make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

---

[3] There is no basis to apply the other provisions of the one-year limitations period.  Petitioner does not show he suffered any impediment to filing his federal petition.  28 U.S.C. § 2244(d)(1)(B).  Neither does he contend any of his claims are based on a new constitutional right recognized by the United States Supreme court and made retroactively applicable to cases on collateral review.  *Id*. at § 2244(d)(1)(C).  Lastly, he has not shown that he filed his petition within one year of the date "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *Id.* at § 2244(d)(1)(D).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## IV.   DISCUSSION

Petitioner's opportunity to file a timely federal habeas petition expired on January 20, 2018, one year after receiving a Certificate of Finality on his last timely PRP.  *See Phongmanivan v. Haynes*, 195 Wn.2d 309 (2020) (holding a Certificate of Finality under WASH. R. APP. P. 12.7 establishes the date of finality for a PRP or other state collateral proceeding).

The habeas petition and objection to the R&R fail to provide any explanation as to why Petitioner filed his habeas petition nearly two years after the federal statute of limitations expired, despite pursuing other state-court actions, such as the PRPs discussed *supra*, both during and after his federal habeas statute of limitations ran.  *See e.g.*, Dkt. No. 15, Exs. 29, 34, 39, 47.  Petitioner's objections do not respond to Magistrate Judge Theiler's conclusions of untimeliness, aside from generally alleging his habeas petition is not time barred and reiterating arguments from his previous briefings.  Dkt. No. 21 at 7.

Petitioner also fails to demonstrate any extraordinary circumstances entitling him to equitable tolling but does allege he is entitled to equitable tolling under the *Schlup* actual innocence standard because the statutory definition of second-degree rape "has been misinterpreted and incorrectly applied by the state."  Dkt. No. 21 at 2.  He further contends this is "new evidence, not presented at trial" because the DNA evidence was found "on," rather than "in," the victim's body. Dkt. No. 21 at 6.  As Magistrate Judge Theiler correctly found, however, Petitioner misinterprets the statute under which he was convicted.  *See* Dkt. No. 20 at 17; WASH. REV. CODE ANN. § 9A.44.010(1).   The DNA evidence found on the victim's body thus supports Petitioner's conviction of rape in the second degree.  Petitioner does not provide "new reliable evidence . . . not introduced at trial" to support the legal argument he attempts to make, and instead relies on

1
2
3
4
5

evidence employed at trial.  Dkt. No. 15, Ex. 43 at 1-2.  Because Petitioner does not provide any new evidence and the evidence which he does present supports his conviction, he does not demonstrate a basis for equitable tolling under the *Schlup* actual innocence showing.  *See Schlup*, 513 U.S. at 324.  The Court will thus adopt Magistrate Judge Theiler's R&R and dismiss Petitioner's habeas petition.

6
7
8
9
10
11
12
13
14
15

Having decided Petitioner's claim should be dismissed with prejudice, the Court must decide whether to issue a COA.  A petitioner seeking post-conviction relief under U.S.C. 28 § 2254 must obtain a COA in order to appeal a district court's dismissal of his petition.  *See* 28 U.S.C. § 2253(c)(2).  When a federal habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, a prisoner is entitled to a COA when he shows, at least, "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

16
17
18

Because jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely, the Court agrees with the recommendation of Magistrate Judge Theiler that a COA should not be issued.  Accordingly, issuance of a COA is denied.

19

## V.   CONCLUSION

20

For the foregoing reasons, the Court hereby orders as follows:

21
22

(1) The Report and Recommendation of Magistrate Judge Mary Alice Theiler is hereby
      ADOPTED;

23
24

(2) Petitioner's habeas petition and this action are DISMISSED with prejudice;

25

(3) Petitioner is DENIED issuance of a certificate of appealability, and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

(4) The Clerk is directed to send copies of this Order to Petitioner, to counsel for

Respondent, and to Magistrate Judge Theiler.

DATED this 23rd day of June, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

7